## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.**

**MAURICIO SOTO**

**SEALED**
**INDICTMENT**

$3:10$ CR $111$/LAC

**THE GRAND JURY CHARGES:**

### COUNT ONE

During the calendar year 2005, within the Northern District of Florida and elsewhere, the defendant,

### MAURICIO SOTO,

was the president of Mauricio Soto Concrete Construction, Inc., a corporation not expressly exempt from tax, with its principal place of business in the Northern District of Florida. The defendant therefore was required by law, after the close of the calendar year 2005 and on or before March 15, 2006, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Ogden, Utah, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Pensacola, Florida, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, the defendant did willfully fail, on or about March 15, 2006, in the Northern District of Florida and elsewhere, to make an income tax return at the time as required by law.

In violation of Title 26, United States Code, Section 7203.

Returned in open court pursuant to Rule 6(f)

*Nov. 16, 2010*
Date

*Miley Davis*
United States Magistrate Judge

## COUNT TWO

During the calendar year 2006, within the Northern District of Florida and elsewhere, the defendant,

### MAURICIO SOTO,

was the president of Mauricio Soto Concrete Construction, Inc., a corporation not expressly exempt from tax, with its principal place of business in the Northern District of Florida. The defendant therefore was required by law, after the close of the calendar year 2006 and on or before March 15, 2007, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Ogden, Utah, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Pensacola, Florida, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, the defendant did willfully fail, on or about March 15, 2007, in the Northern District of Florida and elsewhere, to make an income tax return at the time as required by law.

In violation of Title 26, United States Code, Section 7203.

## COUNT THREE

During the calendar year 2007, within the Northern District of Florida and elsewhere, the defendant,

### MAURICIO SOTO,

was the president of Mauricio Soto Concrete Construction, Inc., a corporation not expressly exempt from tax, with its principal place of business in the Northern District of Florida. The defendant therefore was required by law, after the close of the calendar year 2007 and on or

2

before March 17, 2008, to make an income tax return, for and on behalf of the corporation, to the
Internal Revenue Service Center, at Ogden, Utah, or to the person assigned to receive returns at
the local office of the Internal Revenue Service at Pensacola, Florida, stating specifically the
items of the corporation's gross income and the deductions and credits allowed by law. Well
knowing and believing all of the foregoing, the defendant did willfully fail, on or about
March 17, 2008, in the Northern District of Florida and elsewhere, to make an income tax return
at the time as required by law.

In violation of Title 26, United States Code, Section 7203.

## COUNT FOUR

During the calendar year 2008, within the Northern District of Florida and elsewhere, the
defendant,

## MAURICIO SOTO,

was the president of Mauricio Soto Concrete Construction, Inc., a corporation not expressly
exempt from tax, with its principal place of business in the Northern District of Florida. The
defendant therefore was required by law, after the close of the calendar year 2008 and on or
before March 16, 2009, to make an income tax return, for and on behalf of the corporation, to the
Internal Revenue Service Center, at Ogden, Utah, or to the person assigned to receive returns at
the local office of the Internal Revenue Service at Pensacola, Florida, stating specifically the
items of the corporation's gross income and the deductions and credits allowed by law. Well
knowing and believing all of the foregoing, the defendant did willfully fail, on or about
March 16, 2009, in the Northern District of Florida and elsewhere, to make an income tax return

3

at the time as required by law.

In violation of Title 26, United States Code, Section 7203.

## COUNT FIVE

During the calendar year 2009, within the Northern District of Florida and elsewhere, the defendant,

## MAURICIO SOTO,

was the president of Mauricio Soto Concrete Construction, Inc., a corporation not expressly exempt from tax, with its principal place of business in the Northern District of Florida. The defendant therefore was required by law, after the close of the calendar year 2009 and on or before March 15, 2010, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Ogden, Utah, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Pensacola, Florida, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, the defendant did willfully fail, on or about March 15, 2010, in the Northern District of Florida and elsewhere, to make an income tax return at the time as required by law.

In violation of Title 26, United States Code, Section 7203.

## COUNTS SIX THROUGH SIXTY-SEVEN

On or about the dates set forth below, in the Northern District of Florida and elsewhere, the defendant,

## MAURICIO SOTO,

did knowingly and for the purpose of evading the reporting requirements of section 5313(a) of

4

Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, attempt to structure and assist in structuring, the following transactions with a domestic financial institution, that is Bank of America, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period:

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|-------|------|----------------------------|
| 6 | 01/02/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 7 | 01/02/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 8 | 02/06/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 9 | 02/06/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 10 | 02/10/2006 | cashing check in the amount of $9,500.00 made payable to Y.M. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 11 | 02/23/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 12 | 02/23/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 13 | 02/23/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|-------|------|---------------------------|
| 14 | 02/23/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 15 | 02/27/2006 | cashing check in the amount of $9,500.00 made payable to Y.M. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 16 | 02/27/2006 | cashing check in the amount of $9,500.00 made payable to M.S. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 17 | 03/07/2006 | cashing check in the amount of $9,500.00 made payable to M.S. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 18 | 03/08/2006 | cashing check in the amount of $9,500.00 made payable to M.S. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 19 | 04/28/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 20 | 05/03/2006 | cashing check in the amount of $9,500.00 made payable to E.S. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 21 | 05/09/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 22 | 05/09/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 23 | 05/10/2006 | cashing check in the amount of $9,500.00 made payable to J.E.P. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|-------|------|----------------------------|
| 24 | 05/12/2006 | cashing check in the amount of $9,500.00 made payable to R.M.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 25 | 05/19/2006 | cashing check in the amount of $9,500.00 made payable to R.M.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 26 | 05/22/2006 | cashing check in the amount of $9,500.00 made payable to J.E.P. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 27 | 05/22/2006 | cashing check in the amount of $9,500.00 made payable to J.S.V.L. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 28 | 06/08/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 29 | 06/13/2006 | cashing check in the amount of $9,500.00 made payable to J.L.M.H. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 30 | 07/08/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 31 | 07/08/2006 | cashing check in the amount of $9,500.00 made payable to J.L.M.H. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 32 | 08/21/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 33 | 08/24/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| **34** | 08/29/2006 | cashing check in the amount of $9,500.00 made payable to M.S. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **35** | 09/02/2006 | cashing check in the amount of $9,500.00 made payable to M.S. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **36** | 09/29/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **37** | 09/29/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **38** | 10/09/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **39** | 10/09/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **40** | 11/17/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **41** | 12/11/2006 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **42** | 12/20/2006 | cashing check in the amount of $9,500.00 made payable to M.S. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **43** | 01/06/2007 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|-------|------|----------------------------|
| 44 | 02/01/2007 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 45 | 04/27/2007 | cashing check in the amount of $9,500.00 made payable to J.E.P. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 46 | 04/30/2007 | cashing check in the amount of $9,500.00 made payable to J.L.M.H. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 47 | 04/30/2007 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 48 | 04/30/2007 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 49 | 04/30/2007 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 50 | 05/11/2007 | cashing check in the amount of $9,500.00 made payable to J.S.V.L. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 51 | 05/11/2007 | cashing check in the amount of $9,500.00 made payable to J.E.P. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 52 | 05/11/2007 | cashing check in the amount of $9,500.00 made payable to J.E.P. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 53 | 05/21/2007 | cashing check in the amount of $9,500.00 made payable to J.E.P. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|-------|------|---------------------------|
| **54** | 05/28/2007 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **55** | 06/06/2007 | cashing check in the amount of $9,500.00 made payable to J.S.V.L. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **56** | 06/15/2007 | cashing check in the amount of $9,500.00 made payable to R.M.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **57** | 06/22/2007 | cashing check in the amount of $9,500.00 made payable to J.E.P. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **58** | 06/26/2007 | cashing check in the amount of $9,500.00 made payable to A.G.O.. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **59** | 07/06/2007 | cashing check in the amount of $9,500.00 made payable to J.S.V.L. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **60** | 07/06/2007 | cashing check in the amount of $9,500.00 made payable to J.E.P. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **61** | 07/06/2007 | cashing check in the amount of $9,500.00 made payable to J.E.P. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **62** | 07/18/2007 | cashing check in the amount of $9,500.00 made payable to I.G. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| **63** | 07/24/2007 | cashing check in the amount of $9,500.00 made payable to M.S. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|-------|------|----------------------------|
| 64 | 07/24/2007 | cashing check in the amount of $9,500.00 made payable to J.L.M.H. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 65 | 08/27/2007 | cashing check in the amount of $9,500.00 made payable to J.L.M.H. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 66 | 09/18/2007 | cashing check in the amount of $9,500.00 made payable to J.E.P. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |
| 67 | 10/11/2007 | cashing check in the amount of $9,500.00 made payable to R.A.D.O. and endorsed by the defendant, written on the account of Mauricio Soto and Soto Concrete |

All in violation of Title 31, United States Code, Section 5324(a)(3); Title 31, Code of

Federal Regulations, Section 103.11; and Title 18, United States Code, Section 2.

## CRIMINAL FORFEITURE

Upon conviction of one or more of the offenses alleged in Counts Six through Sixty-

Seven of this Indictment, defendant,

## MAURICIO SOTO,

shall forfeit to the United States pursuant to Title 31, United States Code, Section 5317(c)(1), all

property, real and personal, involved in the offenses, and any property traceable thereto.

If any of the forfeitable property, as a result of any act or omission of the defendant:

A.    cannot be located upon the exercise of due diligence;

B.    has been transferred or sold to, or deposited with, a third party;

C.    has been placed beyond the jurisdiction of the court;

D.    has been substantially diminished in value; or

11

E.     has been commingled with other property which cannot be divided without

       difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as

incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other

property of said defendant up to the value of the forfeitable property.

       All pursuant to Title 31, United States Code, Section 5317(c)(1).

A TRUE BILL:

FOREPERSON

PAMELA C. MARSH
United States Attorney

                                                  11-16-10
                                                  DATE

STEPHEN P. PREISSER
Assistant United States Attorney

12